# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60685
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2026

Lyle W. Cayce
Clerk

KATIE YOUNG,

*Plaintiff—Appellant*,

*versus*

PARCHMENT, L.L.C.,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:25-CV-179

———————————————————

Before ELROD, *Chief Judge*, and JONES and HIGGINSON, *Circuit Judges*.
JENNIFER WALKER ELROD, *Chief Judge*: *

Katie Young, a *pro se* litigant, appeals an order denying her motion to proceed *in forma pauperis* in the district court. Young filed a complaint asserting that Parchment, L.L.C., released her academic transcript to Mississippi Valley State University without her consent. Young asserted that

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

this violated "federal privacy protections and Constitution[al] rights," as well as the Family Educational Rights and Privacy Act (FERPA).

That same day, Young filed a motion to proceed *in forma pauperis*. A magistrate judge recommended that the motion be denied because there is no private cause of action for a violation of FERPA. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002). Young objected, arguing that: (1) she had "demonstrated financial inability to pay the filing fee, satisfying the requirements of 28 U.S.C. § 1915(a)"; (2) she was also asserting claims under "the Fourteenth Amendment and state tort law principles of invasion of privacy and negligence"; and (3) she should be granted leave to amend her complaint. The district judge adopted the magistrate judge's report, denied Young's motion to proceed IFP, and ordered her to pay the filing fee; if she did not pay the fee, her suit would be dismissed. Six days later, Young moved for reconsideration, noting that she did not have funds to pay the filing fee, and the district court denied Young's motion.

Before the district judge dismissed Young's suit or entered a final judgment, Young filed a notice of appeal from the order denying her motion for reconsideration, which we construe as a notice of appeal of the order denying IFP status. *See Hogue v. Royse City*, 939 F.2d 1249, 1251 (5th Cir. 1991).

We must examine the basis of our own jurisdiction, *sua sponte* if necessary. *See, e.g.*, *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015). Although the district court has not entered a final judgment, we have jurisdiction to review orders denying IFP status under the collateral order doctrine. *See Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844,

845 (1950); *accord Seigfried v. Soc. Sec. Admin.*, 538 F. App'x 552, 552 (5th Cir. 2013).[1]

The district court denied Young's motion to appeal *in forma pauperis*. By moving in this court to proceed IFP, Young is challenging the district court's certification that her appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). An appeal is taken in good faith if it "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Young contends that the district court erred because in deciding IFP status, the district court "should determine only whether Appellant is indigent." This issue is arguable on the merits, so we GRANT Young's motion to proceed IFP on appeal.

We have held that when a plaintiff moves to proceed IFP, district courts should proceed with the case in two steps. First, under 28 U.S.C. § 1915(a), the district court determines whether the plaintiff is financially eligible to proceed IFP. *See Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) (noting that "[t]he only determination to be made by the court under § 1915(a)" is "whether the statements in the affidavit satisfy the requirements of poverty"). If the plaintiff is eligible, the court grants the motion to proceed IFP. *See Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) ("[A] district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." (citing *Watson*, 525 F.2d at 891)); *Bell v. Children's Protective Servs.*, 506 F. App'x

---

[1] The posture of this case is unusual. Typically, we review IFP cases after they have been dismissed in district court. *See, e.g.*, *Lancaster v. Slavich*, No. 25-50111, 2026 WL 1135450, at *1 (5th Cir. Apr. 27, 2026) (appealing after suit was dismissed under 28 U.S.C. § 1915(e)).

No. 25-60685

327, 327 (5th Cir. 2013) (same).  After granting IFP status, the district court determines whether the case should be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *See Watson*, 525 F.2d at 891; David Ashley Bagwell, *Procedural Aspects of Prisoner § 1983 and § 2254 Cases in the Fifth and Eleventh Circuits*, 95 F.R.D. 435, 440 (1982) (noting that "[o]nly after a determination of the motion (implied or otherwise) for leave to proceed *in forma pauperis*, the Court decides whether or not to dismiss the case prior to service, under authority of 28 U.S.C. § 1915([e])"). [2]

The district court erred when it denied Young's IFP motion based not on her financial status but on the frivolity of her complaint. [3]  When Young established her financial eligibility to proceed IFP, the district court should have granted her motion.  Frivolity under 28 U.S.C. § 1915(e) is a basis to dismiss the case, not deny IFP status.

Section 1915(e) provides that

the court shall dismiss the case at any time if the court determines that--

---

[2] District courts may also, in appropriate circumstances, dismiss a case under 28 U.S.C. § 1915(e) before deciding the motion to proceed IFP.  *See Minor v. H&L Tire & Auto/Casias Auto.*, No. 24-CV-1016, 2024 WL 5099210 (W.D. Tex. Nov. 14, 2024) (dismissing case under § 1915(e) and denying motion to proceed IFP as moot), *report and recommendation adopted*, 2024 WL 5096501 (W.D. Tex. Dec. 12, 2024).  But district courts cannot adjudicate motions to proceed IFP on grounds other than poverty.  *See Gibbs*, 92 F.4th at 569.  After determining that a case is subject to dismissal as frivolous, a court should not request a filing fee.

[3] A separate provision places additional limits on appealing cases *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  When a district court certifies that an appeal is not taken in good faith, a "motion for leave to proceed IFP with the court of appeals" is a challenge to "the certification decision."  *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  That is why we, unlike the district courts, look to the merits of the appeal when deciding whether to grant a motion to appeal IFP.

No. 25-60685

    (A)  the allegation of poverty is untrue; or

    (B)  the action or appeal--

        (i)   is frivolous or malicious;

        (ii)  fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915(e)(2) provides for *dismissal* when its conditions are met—not denial of IFP status.

As the district court has neither dismissed the action below nor entered a final judgment, we lack jurisdiction to address whether Young's action would be properly dismissed under section 1915(e)(2). We hold only that Young's motion to proceed IFP should have been granted in the district court.[4]

For the foregoing reasons, Young's motion to appeal IFP is GRANTED. The district court's order denying Young's motion to proceed IFP is REVERSED.

---

[4] As the district court pointed out, Young may amend her complaint once as of right under Federal Rule of Civil Procedure 15(a)(1).